**Carrie M. GAMBLE, Plaintiff,**

**v.**

**Ottis R. BOWEN, Secretary of Health and Human Services, Defendant.**

Civ. A. No. 85-2149.

United States District Court,
W.D. Pennsylvania.

Sept. 29, 1986.

Martin Singer, Pittsburgh, Pa., for plaintiff.

Amy Reynolds Hay, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

This is an appeal from the Secretary's decision denying disability benefits, submitted to us on cross motions for summary judgment. Because we conclude that the Secretary's decision was founded on substantial evidence of record, we affirm.

Carrie Gamble is now 52 years old and suffers from plantar fasciitis of the left foot and osteoporosis and degenerative arthritis of the lower back. She is also obese.

Plaintiff was employed by Montefiore Hospital as a nurse's assistant, transporting patients to or from the hospital by ambulance or car. In this capacity she was often required to lift and carry equipment, litters and patients, often in excess of 100 lbs.

Plaintiff injured her heel, apparently while engaged in her employment duties. This was diagnosed as a bone spur which was surgically removed in October, 1981. Due to the surgery, plaintiff was confined to a wheelchair for a time, but in April, 1982 was approved by her doctor for light work.

On September 20, 1982, plaintiff complained to her physician, Robert Cross, M.D., of pain in her lower back. This pain persisted until plaintiff was hospitalized in

---

August, 1983. The condition was diagnosed as osteoporosis and degenerative arthritis of her low back.

It is not disputed here that plaintiff enjoyed disability insured status until December 31, 1982. Consequently, to be eligible for Social Security Disability benefits, plaintiff must have been totally disabled on or before December 31, 1982. The ALJ concluded plaintiff was not disabled on that date, and denied benefits.

Plaintiff's principle point on appeal is that the ALJ failed to credit and accept the report of Dr. Cross who stated that plaintiff was totally disabled as of September 20, 1982. It is true that a treating physician's opinion is entitled to great weight, but the opinion must be examined to determine that it is grounded in fact. *Millner v. Schweiker*, 725 F.2d 243, 246 (4th Cir.1984). Here there is sufficient evidence indicating a later onset for total disability.

First and foremost, a department form questionnaire (Exhibit 11) completed by the plaintiff indicates that plaintiff first developed severe back pain in April, 1983. This is the plaintiff's own description and no mention of an earlier onset date is made in that form.

The discharge summary from plaintiff's hospital admission in August, 1983 prepared by Dr. Cross (Exhibit 24) notes complaints of pain in low back for *"past 4 weeks."* Certainly a history of continuous year long disabling back pain would have been known to Dr. Cross and relevant to that hospital admission. However, no history of earlier back pain is noted.

Finally, in reviewing the reports of Dr. Cross dated 8/3/84 and 4/12/85, he mentions the first complaint of back pain in September 20, 1982, but provides no additional information pertinent to that period. When considered with the medical records described above, this omission is significant, and the conclusion that plaintiff failed to establish the existence of total disability within the period of insured status is therefore supported by substantial evidence.

Plaintiff also contends that the ALJ failed to consider and accept plaintiff's description of her pain. However, the same paucity of medical evidence described above is determinative here. There is no objective medical evidence on which to evaluate and substantiate plaintiff's complaints of back pain prior to December 31, 1982.

Finally, plaintiff contends that the ALJ erred in considering an abortive 1984 attempt to work as a clerk typist as "past relevant work" in concluding that plaintiff was not disabled in 1982. While we agree that it is chronologically impossible to define a 1984 occupation as past relevant work in 1982, the error is insignificant here. As stated above, there is evidence of ability to perform light duty work in April, 1982 and sufficient evidence to support the onset of a *disabling* condition after December 31, 1982.

For the reasons stated above, the decision of the Secretary is affirmed.